**Joaquin ROSAS–REYES, aka Joaquin Reyes, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 07–70525.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 14, 2009.*

Filed Sept. 28, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Nadia Farah, Law Office of Nadia Farah, Fremont, CA, for Petitioner.

Carol Federighi, Esquire, Senior Litigation Counsel, Jem C. Sponzo, Esquire, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, RAWLINSON, and CLIFTON, Circuit Judges.

MEMORANDUM **

Joaquin Rosas–Reyes, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his motion to continue and ordering him removed. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to continue and we review de novo claims of due process violations. *Sandoval–Luna v. Mukasey,* 526 F.3d 1243, 1246 (9th Cir. 2008) (per curiam). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion or violate due process in denying Rosas–Reyes' motion to continue because the IJ had previously granted a continuance, and Rosas–Reyes' eligibility for adjustment of status was speculative. *See id.* at 1247 (denial of a motion to continue was not an abuse of discretion where proceedings had previously been continued and relief was not immediately available to petitioner); *see also Lata v. INS,* 204 F.3d 1241, 1246

(9th Cir.2000) (requiring error to prevail on a due process claim).

Contrary to Rosas–Reyes' contention, the IJ's interpretation of the hardship standard falls within the broad range authorized by the statute. *See Ramirez–Perez v. Ashcroft,* 336 F.3d 1001, 1004–1006 (9th Cir.2003).

We lack jurisdiction over Rosas–Reyes' other due process contentions because he did not raise them to the BIA and failed to exhaust his administrative remedies. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

** This disposition is not appropriate for publication and is not precedent except as provid-